| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| ELIZABETH HOLMES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:12-CV-584 |
| | § | |
| ACCEPTANCE CASUALTY INSURANCE | § | |
| COMPANY and WELLINGTON CLAIM | § | |
| SERVICE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff Elizabeth Holmes's ("Holmes") Motion to Remand. Holmes seeks remand to state court on the ground that this court lacks subject matter jurisdiction because the parties are not completely diverse. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is not warranted.

I.    Background

On October 9, 2012, Holmes filed her original petition in the 260th Judicial District Court of Orange County, Texas, asserting claims for common law fraud, negligence, breach of contract, and violations of the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Insurance Code. It is undisputed that Holmes is a citizen and resident of the State of Texas. Defendant Acceptance Casualty Insurance Company ("Acceptance") is a Nebraska corporation with its principal place of business in North Carolina. Defendant Wellington Claim Service Company ("Wellington") is a Texas corporation.

On December 7, 2012, Acceptance removed the case to this court on the basis of diversity of citizenship, alleging that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.   Acceptance asserts that because Wellington was improperly joined as a defendant to defeat diversity, it should be dismissed as a party to this action and its citizenship ignored for jurisdictional purposes.   On January 7, 2013, Holmes filed a motion to remand the case to state court, contending that Wellington was properly joined, and, therefore, because complete diversity does not exist among the parties, federal jurisdiction is lacking.

II.   Analysis

"'Federal courts are courts of limited jurisdiction.'"   *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006); *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004).   "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'"   *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)).   The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."   *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001) (citing *Kokkonen*, 511 U.S. at 377); *see also Hertz Corp. v. Friend*, 559 U.S. 77, ___, 130 S. Ct. 1181, 1194 (2010); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).   In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter

jurisdiction. *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir. 2009); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Boone*, 416 F.3d at 388. "'This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.'" *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (quoting *Albonetti v. GAF Corp. Chem. Grp.*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)); *accord Crossroads of Tex., L.L.C. v. Great-West Life & Annuity Ins. Co.*, 467 F. Supp. 2d 705, 708 (S.D. Tex. 2006); *Smith v. Baker Hughes Int'l Branches, Inc.*, 131 F. Supp. 2d 920, 921 (S.D. Tex. 2001). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Halmekangas*, 603 F.3d at 294; *Gutierrez*, 543 F.3d at 251. "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 n.2 (5th Cir. 2003). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against

3

removal and in favor of remand.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gutierrez*, 543 F.3d at 251; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *In re Hot-Hed Inc.*, 477 F.3d at 323.

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Halmekangas*, 603 F.3d at 294; *McDonal*, 408 F.3d at 181.  In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal.  *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 n.2 (5th Cir. 2007); *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558 n.1 (5th Cir. 2004); *Manguno*, 276 F.3d at 723.  In removed cases where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 546 U.S. at 89; *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Halmekangas*, 603 F.3d at 294; *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir.), *cert. denied*, 534 U.S. 997 (2001).  Complete diversity requires that no plaintiff be a citizen of the same state as any defendant.  *See Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc.*, 519 U.S. at 68; *Wallace v. La. Citizens Prop. Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006); *Heritage Bank*, 250 F.3d at 323.  Furthermore, removal is appropriate only if none of the

4

parties properly joined and served as defendants are citizens of the state in which the action was brought. *See* 28 U.S.C. § 1441(b); *Lincoln Prop. Co.*, 546 U.S. at 89; *Gasch*, 491 F.3d at 281; *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-32 (5th Cir.), *cert. denied*, 548 U.S. 907 (2006).

In the case at bar, although there is no dispute that Plaintiff Holmes and Defendant Acceptance are citizens of different states and that more than $75,000.00 is at issue, complete diversity may be lacking in this case because Defendant Wellington is a citizen of Texas. Therefore, to establish the existence of diversity jurisdiction, Acceptance must show that Wellington was fraudulently or improperly joined as a defendant to this action. *See Crockett*, 436 F.3d at 532; *Guillory*, 434 F.3d at 307-08; *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 224-25 (5th Cir. 2005), *cert. denied*, 549 U.S. 811 (2006); *Heritage Bank*, 250 F.3d at 323; *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). "The removing party bears the heavy burden of proving that non-diverse defendants have been fraudulently joined to defeat diversity, either by showing that (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *accord Gasch*, 491 F.3d at 281; *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *Holder v. Abbott Labs., Inc.*, 444 F.3d 383, 387 (5th Cir. 2006); *Guillory*, 434 F.3d at 308-09; *McDonal*, 408 F.3d at 183; *Melder v. Allstate Corp.*, 404 F.3d 328, 330 (5th Cir. 2005); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), *cert. denied*, 544 U.S. 992 (2005). The United States Court of Appeals for the Fifth Circuit has held that there is no difference between the terms "improper joinder" and

"fraudulent joinder" in the context of removal jurisdiction.  *See Smallwood*, 385 F.3d at 571 n.1.  "The removing party has the burden of establishing improper joinder by showing:  Plaintiff['s] inability to establish a claim under state law against the non-diverse defendant; or actual fraud in pleading jurisdictional facts."  *Melder*, 404 F.3d at 330; *accord Smallwood*, 385 F.3d at 573.

A determination of improper joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal.  *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994).  Where the defendant maintains that federal jurisdiction is proper, the court must evaluate all the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff, and then examine relevant state law and resolve all uncertainties in favor of the nonremoving party.  *See Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003), *cert. denied*, 546 U.S. 813 (2005); *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *Hart*, 199 F.3d at 246.  Furthermore, the "'court must normally assume all the facts as set forth by the plaintiff to be true.'"  *Burden*, 60 F.3d at 217 (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039 (1984)).

While a court, when considering allegations of improper joinder, should refrain from pre-trying the case or conducting an evidentiary hearing, it may utilize a summary judgment-type procedure "that allows it to pierce the pleadings and examine affidavits and deposition testimony for evidence of fraud or the possibility that the plaintiff can state a claim under state law against a nondiverse defendant."  *Great Plains Trust Co.*, 313 F.3d at 311; *accord Guillory*, 434 F.3d at

6

309-10; *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004); *Travis*, 326 F.3d

at 648-49; *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir. 2000), *cert. denied*, 532 U.S.

972 (2001). "Post-removal filings may not be considered, however, when or to the extent that

they present new causes of action or theories not raised in the controlling petition filed in state

court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (citing *Cavallini*, 44 F.3d

at 263).

"A district court should ordinarily resolve [claims of] improper joinder by conducting a

Rule 12(b)(6)-type analysis." *McDonal*, 408 F.3d at 183 n.6; *see also Boone*, 416 F.3d at 388

("A motion to remand is normally analyzed with reference to the well-pleaded allegations of the

complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6).");

*Smallwood*, 385 F.3d at 573. If a plaintiff can survive a Rule 12(b)(6)-type challenge, there is

generally no improper joinder. *Guillory*, 434 F.3d at 309; *Smallwood*, 385 F.3d at 573. "That

said, there are cases, hopefully few in number, in which the plaintiff has stated a claim, but has

misstated or omitted discrete facts that would determine the propriety of joinder. In such cases,

the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."

*Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 389 n.10 (5th Cir.

2000)); *accord Guillory*, 434 F.3d at 309. The court, however, must carefully distinguish an

attack on the overall merits of the case from a showing that defendants were improperly joined in

order to defeat diversity. *See Smallwood*, 385 F.3d at 573 ("[T]he focus of the inquiry must be

on the joinder, not on the merits of the plaintiff's case."); *see also Gasch*, 491 F.3d at 284 ("[A]

meritless claim against an in-state defendant is not the equivalent of improper joinder."); *B., Inc.*

*v. Miller Brewing Co.*, 663 F.2d 545, 546 (5th Cir. 1981) ("[D]istrict courts must not 'pre-try'

substantive factual issues in order to answer the discrete threshold question of whether the joinder of an in-state defendant is fraudulent.").

In the instant case, because Defendant does not claim actual fraud in Plaintiff's recitation of jurisdictional facts, it must demonstrate that there is no possibility that Holmes could establish a cause of action against Wellington. *See Gasch*, 491 F.3d at 281; *Larroquette*, 466 F.3d at 374; *Holder*, 444 F.3d at 387; *Guillory*, 434 F.3d at 308; *Melder*, 404 F.3d at 330; *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d at 648; *Great Plains Trust Co.*, 313 F.3d at 312. "Merely pleading a valid state law claim, or one whose validity is reasonably arguable, against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent." *Hornbuckle*, 385 F.3d at 542 (citing *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992)). "In evaluating a claim of fraudulent joinder, we do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997), *cert. denied*, 523 U.S. 1072 (1998); *see Guillory*, 434 F.3d at 308-09; *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996); *Burden*, 60 F.3d at 216. "'If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law.'" *B., Inc.*, 663 F.2d at 550 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968)); *accord Travis*, 326 F.3d at 647. "This possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co.*, 313 F.3d at 312 (citing *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)); *accord Boone*, 416 F.3d at 388; *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004); *Travis*, 326 F.3d at 648. "'If there is "arguably a reasonable basis for

8

predicting that the state law might impose liability on the facts involved,'" then there is no

fraudulent joinder,'" and the case must be remanded for lack of diversity. *Great Plains Trust Co.*,

313 F.3d at 312 (quoting *Badon*, 236 F.3d at 286 (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d

812, 816 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993))); *see Gray*, 390 F.3d at 402; *Smallwood*,

385 F.3d at 589-90; *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751.

In assessing whether a plaintiff could possibly establish a claim against a non-diverse

defendant, the court must apply the law of the state in which the action was brought—in this case,

Texas. *See Travis*, 326 F.3d at 647; *Hart*, 199 F.3d at 247. "[W]hether the plaintiff has stated

a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff['s]

allegations and the pleaded theory of recovery." *Griggs*, 181 F.3d at 701; *see Burden*, 60 F.3d

at 218-21. Based on the court's research, the United States Court of Appeals for the Fifth Circuit

has not resolved in a published decision the issue of whether to apply the federal 12(b)(6) standard

or the more lenient Texas "fair notice" standard when evaluating the sufficiency of factual

allegations for the purpose of determining improper joinder. Nonetheless, in *Akerblom v. Ezra

Holdings, Ltd.*, an unpublished case, the appeals court applied Texas pleading standards in an

analysis of improper joinder. No. 12-20182, 2013 WL 363112, at *4, 7 (5th Cir. Jan. 28, 2013)

("[F]or determining improper joinder *vel non*, [plaintiff's] Texas state-court petition (complaint)

is the primary document considered. A Texas state-court petition must "consist of a statement in

plain and concise language of the . . . cause of action.") (citing TEX. R. CIV. P. 45(a) & (b)).

District courts in Texas have differed regarding which standard to apply. *Compare Escuadra v.

Geovera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 976-77 (E.D. Tex. 2010) (applying federal

standard), *and King v. Provident Life & Accident Ins. Co.*, 1:09-CV-983, 2010 WL 2730890, at

9

*4 (E.D. Tex. June 4, 2010) (same), *with Stevenson v. Allstate Tex. Lloyd's*, No. 11-CV-3308, 2012 WL 360089, at *3 (S.D. Tex. Feb. 1, 2012) (applying Texas standard), *and Hayden v. Allstate Tex. Lloyds*, H-10-646, 2011 WL 240388, at *7-8 (S.D. Tex. Jan. 20, 2011) (same). It appears, however, that the majority of district courts which have addressed this issue favor application of the state pleading standard. *Edwea, Inc. v. Allstate Ins. Co.*, H-10-2970, 2010 WL 5099607, at *5 (S.D. Tex. Dec. 8, 2010).[1]   After reviewing these authorities, the court is persuaded that applying the state pleading standard is the better approach. Because Plaintiff filed her petition in state court in accordance with Texas pleading standards, it would be unfair to hold her to the more stringent standard of federal court. *Centro Cristiano Cosecha Final, Inc.*, 2011 WL 240335, at *14; *Edwea, Inc.*, 2010 WL 5099607, at *5-6.   Accordingly, the court will examine Plaintiff's petition under the Texas pleading standard to determine whether the allegations therein support a reasonable basis for predicting recovery against Wellington, leaving any technical defects to be addressed in state court. *See Murphy*, 2009 WL 1543918, at *5.

Texas follows a "fair notice" pleading standard, which requires "a short statement of the cause of action sufficient to give fair notice of the claim involved . . . ." TEX. R. CIV. P. 47; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 230 (Tex. 2004).  The purpose of this standard is to provide the opposing party with sufficient information to prepare a defense. *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 616 n.11 (Tex. 2004) (citing *Roark v. Allen*, 633 S.W.2d

---

[1]  *See also Espinoza v. Companion Commercial Ins. Co.*, No. 7:12-CV-494, 2013 WL 245032, at *1 (S.D. Tex. Jan. 22, 2013); *Moreno Energy, Inc. v. Marathon Oil Co.*, No. H-11-4518, 2012 WL 3205618, at *5 (S.D. Tex. Aug. 3, 2012); *Garcia v. LG Elecs. USA Inc.*, No. B-11-61, 2011 WL 2517141, at *4 (S.D. Tex. June 23, 2011); *D'Souza v. Peerless Indem. Ins. Co.*, H-10-4431, 2011 WL 285154, at *2 (S.D. Tex. Jan. 25, 2011); *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, H-10-1846, 2011 WL 240335, at *12-14 (S.D. Tex. Jan. 20, 2011); *Rankin Rd., Inc. v. Underwriters at Lloyds of London*, 744 F. Supp. 2d 630, 636 (S.D. Tex. 2010); *Murphy v. Broyhill Indus., Inc.*, 3:08-CV-2092, 2009 WL 1543918, at *4-5 (N.D. Tex. June 2, 2009).

804, 810 (Tex. 1982)).  Under this standard, the court examines whether the opposing party can ascertain from the pleadings the nature, basic issues, and the type of evidence that might be relevant to the controversy.  *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).  "[T]he pleadings must be sufficiently adequate so the court is able, from an examination of the pleadings alone, to ascertain with reasonable certainty and without resorting to information from another source, the elements of a plaintiff's cause of action and relief sought with sufficient information upon which to base a judgment."  *UMLIC VP LLC v. T&M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 604 (Tex. App.—Corpus Christi 2005, pet. denied) (citing *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979)).  Nevertheless, a pleading will be liberally construed in favor of the pleader, and the court should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged. *Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 897; *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993); *see In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 388 F. Supp. 2d 780, 784 n.4 (S.D. Tex. 2005).

Here, in her state court petition, Holmes seeks damages against Defendants, including Wellington, asserting claims for fraud, negligence, breach of contract, as well as for violations of the Texas Insurance Code and the DTPA.  There is no dispute in this case that an insurance adjuster, like Wellington, may be held liable for deceptive or misleading acts in violation of the Texas Insurance Code and the DTPA.  *See Gasch*, 491 F.3d at 282; *Centro Cristiano Cosecha Final, Inc.*, 2011 WL 240335, at *4.  Rather, the issue presented is whether Plaintiff has alleged sufficient facts to support a reasonable basis to predict recovery against Wellington.

11

The court must determine whether Holmes's pleadings allege actionable facts specific to Wellington. *See Griggs*, 181 F.3d at 699. The following is the statement of facts from her state court petition, in its entirety:

> On or about May 20, 2012, Plaintiffs [sic] home was damaged due to a fire. Upon inspection of the home at 7960 Wade Road, Orange, Texas, she discovered extensive damage to the home and her personal property caused by the fire. Immediately after discovering the damage, Mrs. Holmes notified the defendants and filed a claim for the damage to the structure of her home and loss of her personal property caused by the fire. The Defendants have refused to fully compensate Mrs. Holmes for her loss.

Further, Holmes asserts that Defendants engaged in certain deceptive trade practices, merely parroting provisions of the DTPA and the Texas Insurance Code. The listed causes of actions are not supplemented by any facts specific to Holmes's case.

"Plaintiffs must put defendants on fair notice of the allegations against them, not require defendants to 'glean' the factual basis of such allegations from a list of ambiguous legal conclusions." *Taj Props., LLC v. Zurich Am. Ins. Co.*, No. H-10-2512, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010). In the instant case, the court finds that Holmes's allegations regarding Wellington are conclusory and fail to allege any specific conduct that could support a claim for relief under the Texas Insurance Code or the DTPA. *See id.*; *see also Griggs*, 181 F.3d at 700-01. Specifically, all of Holmes's factual allegations are grouped indiscernibly against "Defendants." Thus, her petition does not distinguish Wellington's actions from those of Acceptance. *See Taj Props., LLC*, 2010 WL 4923473, at *4 ("Allegations merely asserted against 'Defendants,' without alleging what facts are attributed to the adjuster individually as opposed to the insurance company, do not provide a reasonable basis for recovering from the adjuster."). Furthermore, the factual allegations concerning the purported violations of the Texas Insurance

12

Code and the DTPA are near-verbatim recitals of the statutes themselves.  Plaintiffs do not describe any specific, actionable conduct by Wellington.[2]  *See id.* (denying remand in a case involving a petition with nearly identical factual allegations); *see also Centro Cristiano Cosecha Final, Inc.*, 2011 WL 240335, at *14 (denying remand where petition "for the most part . . . merely tracked the statutory provisions"); *Hayden*, 2011 WL 240388, at *8 ("If Plaintiff merely names a non-diverse individual as a party and recites the words of the statute without pointing out facts that establish the claim, the paucity of factual allegations leads to the conclusion that the non-diverse individual has been named merely to defeat diversity.").[3]

---

[2] Indeed, Plaintiff's petition does not even allege that Wellington was the adjuster responsible for processing Plaintiff's insurance claim. *See Jimenez v. Travelers Indem. Co.*, No. H-09-1308, 2010 WL 1257802, at *4 (S.D. Tex. Mar. 25, 2010) (noting that the petition failed to identify the defendant as the adjuster who denied or delayed the plaintiff's claims); *Bailey v. State Farm Lloyds*, No. H-00-3638, 2001 WL 34106907, at *5 (S.D. Tex. Apr. 12, 2001) ("The complaint does not even make clear that [the defendants] are adjusters employed by State Farm or that they were responsible for processing [the plaintiffs'] claims.").

[3] The court notes that some courts within this circuit have found similar factual allegations that closely track the statutory language sufficient to support a reasonable basis for recovery. *See Harris v. Allstate Tex. Lloyd's*, No. H-10-0753, 2010 WL 1790744, at *4 (S.D. Tex. Apr. 30, 2010). In such cases, however, the statutory language is usually supplemented with additional allegations directed at the in-state defendant that clarify the specific conduct constituting the purported violation. *See, e.g., Myers v. Allstate Tex. Lloyd's*, No. 1:10-CV-172, 2011 WL 846083, at *12 (E.D. Tex. Mar. 8, 2011) ("Other courts have concluded that a non-diverse defendant was not improperly joined on Texas Insurance Code claims when a plaintiff's pleading ascribed specific conduct to the defendant, such as misrepresenting that a policy covers plumbing leaks and thereafter hiring a biased engineer; misrepresenting that a policy provides 100 per cent coverage against mold damage; misrepresenting that defendant was present at plaintiff's home to inspect mold damage and that mold damage did not exceed plaintiff's deductible; and failing to commission a reasonable engineering inspection and indoor air quality investigation of the Plaintiffs' home.") (internal quotations and citations omitted); *D'Souza*, 2011 WL 285154, at *2-3 (petition included allegations that the defendant adjuster "performed perfunctory inspections upon the property which resulted in incomplete and inaccurate assessments of Plaintiffs' damages," "spent an insufficient amount of time—less than one hour—inspecting Plaintiffs' home," and "forced [Plaintiffs] to wait an unreasonable amount of time—approximately one month—before receiving the results of [the] inspection"); *Rodriguez v. Standard Guar. Ins. Co.*, No. HH-10-3065, 2010 WL 4877774, at *6 (S.D. Tex. Nov. 23, 2010) (statutory language was combined with allegations that the adjuster "only inspected [plaintiffs'] property for ten minutes, wrote a report that failed to include all the damages he noted upon inspection, and severely undervalued the costs of repair and replacement"). No such clarifying allegations regarding

Holmes's remaining claims for fraud, negligence, and breach of contract are generally alleged against "Defendants," and her petition simply lists the elements of the causes of action without applying them to the sparse facts provided in the pleadings.  Further, the state court petition does not allege the existence of a contract between Holmes and Wellington.  In this instance, all of her allegations regarding Wellington are conclusory and fail to allege any specific conduct that could support a claim for relief under any of the causes of action asserted.  *See Taj Props., LLC*, 2010 WL 4923473, at *4 (opining that plaintiff's general allegations against "Defendants," without inserting facts attributed to the adjuster individually, did not provide a reasonable basis for recovery from the adjuster); *see also Griggs*, 181 F.3d at 700-01 (holding that mere conclusory allegations are insufficient to support causes of action for violations of the DTPA, breach of contract, or breach of fiduciary duty); *Pinero v. Jackson Hewitt Tax Serv. Inc.*, 594 F. Supp. 2d 710, 719-20 (E.D. La. 2009) (stating that conclusory allegations are inadequate to support state law fraud claims).  Ultimately, Holmes's petition identifies a mere "hypothetical possibility" that causes of action may exist against Wellington.  *Griggs*, 181 F.3d at 701; *see Centro Cristiano Cosecha Final, Inc.*, 2011 WL 240335, at *12-14.  This does not suffice to establish a reasonable basis for predicting recovery.  *Griggs*, 181 F.3d at 701.  Hence, Holmes's petition fails to meet the liberalized notice pleading standards adopted by Texas state courts. *Griggs*, 181 F.3d at 699 ("We cannot say that [the plaintiff's] petition, which mentions [the defendant] once in passing, then fails to state any specific actionable conduct on her part whatsoever, meets even the liberalized requirements that permit notice pleading."); *see Centro*

---

Wellington's conduct are presented here.

14

*Cristiano Cosecha Final, Inc.*, 2011 WL 240335, at *14-15; *Hayden*, 2011 WL 240388, at *8. Thus, the court finds that Wellington was improperly joined to this action.

III.   Conclusion

An evaluation of the relevant facts and controlling law reveals that this court has subject matter jurisdiction over this action.  Although no federal question is presented, complete diversity of citizenship exists between the parties, as the in-state defendant was improperly joined, and the amount in controversy exceeds $75,000.00.  Therefore, this case was properly removed, and remand is not warranted.

Accordingly, Plaintiff's Motion to Remand is DENIED, and Wellington is DISMISSED as a party to this action.

SIGNED at Beaumont, Texas, this 26th day of April, 2013.

*Marcia A. Crone*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE